**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DISVISION**

---

**ANDREW T. CONNELL.**

*Petitioner*,

v. Case No. 2:26-cv-02551-BCL-tmp

**STATE OF TENNESSEE.**

*Respondent*.

---

**ORDER OF DISMISSAL**

---

Petitioner filed this case on May 13, 2026. Doc. 1. The Clerk immediately entered a deficiency notice highlighting that Petitioner had neither paid the filing fee nor applied to proceed in forma pauperis; the Notice gave Petitioner until June 15, 2026, to correct the deficiency and alerted him that failure to correct the deficiency would lead to dismissal. Doc. 6. By August 28, 2026, Petitioner still had not corrected the deficiency, but this Court extended the deadline to September 11, 2026. Doc. 7.

When that Order was returned as undeliverable, the Court on September 16 extended the deadline to correct the deficiency to September 29, 2026. Doc. 9. Also on September 16, the Clerk remailed the Deficiency Notice and the Extension Order at Docket Entry 7 to Petitioner, along with an application to proceed in forma pauperis. Doc. 8 and following note.

One day later, on September 17, the Court received a letter from Petitioner requesting a status update, Doc. 10, prompting the Clerk to mail a copy of the docket sheet to Petitioner the next day. The address provided by Petitioner on the envelope enclosing this letter matches the address currently reflected on the docket, including the inmate number. It should be noted that

earlier mailings—those predating the return of mail as undeliverable on September 10, 2026, provided a different inmate number, possibly due to difficulty in deciphering Petitioner's handwriting. No such difficulty or explanation is apparent for the mailings and filings from September 16 onward, which were sent to the address listed by Petitioner on his envelope.

Over two weeks have now elapsed since the docket sheet was mailed to Petitioner, and a little more than two weeks since the Clerk mailed the deficiency notice, extension orders, and IFP application to Petitioner at the address he provided. The twice extended deadline for curing the deficiency has again expired without a correction of the deficiency by Petitioner. Therefore, this case is **DISMISSED** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**, this 6th day of October, 2026.

s/*Brian Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE